UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IAMMAN R. SAMPSON, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-00786 |
| LYFT, INC., *Defendant*. | § § § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff Iamman Sampson's Motion for Preliminary Injunction.[1] ECF 4. After reviewing the Motion and the applicable law, the Court RECOMMENDS Plaintiff's Motion be DENIED.

### I.   Factual and Procedural Background.

Plaintiff filed his Original Complaint on February 18, 2025, alleging that his employer, Lyft, Inc., engaged in unlawful employment practices. ECF 1. Plaintiff claims that around February 9, 2023, he was involved in an automobile accident and subsequently filed an insurance claim with Lyft's insurance provider. *Id.* at 3. On May 25, 2023, Lyft terminated Plaintiff's employment. *Id.* Plaintiff claims Lyft terminated him for filing an insurance claim and supported its decision with vague and inconsistent reasoning. *Id.* Plaintiff seeks to recover for Lyft's alleged adverse

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 6.

employment action pursuant to 42 U.S.C. § 1981, Title VII, the Fair Labor Standards Act, and Texas Labor Code § 21.055. *Id.* at 2. Plaintiff seeks reinstatement and back pay, as well as punitive damages. *Id.* at 4.

On February 18, 2025, Plaintiff filed a Motion for Preliminary Injunction. ECF 4. Plaintiff requests that the Court reinstate his employment and prohibit Lyft from "continuing its retaliatory conduct." *Id.* at 2. Plaintiff also requests an expedited hearing on his Motion. ECF 4-1.

II.     **Legal Standards.**

"The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)). A plaintiff is entitled to a preliminary injunction if he demonstrates: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest." *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017).

### III. Analysis.

Plaintiff fails to show that he will suffer from irreparable harm. "In lawsuits alleging wrongful termination or adverse employment action, the plaintiff is ordinarily not irreparably harmed." *Sambrano*, 2022 WL 486610 at *6. "That is because the statutory relief available at the conclusion of a successful lawsuit … can adequately compensate the plaintiff for the employer's wrongful conduct." *Id.*; *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."). Specifically, as it relates to Title VII, "the entire point of the remedial scheme is to return the employee to the *status quo* and to compensate [him] … for all damages that stem from the adverse employment action." *Id.*

Plaintiff's case is emblematic of the ordinary wrongful termination and adverse employment action cases. Plaintiff's injuries stem from Lyft's decision to terminate his employment. Such injuries fail to establish irreparable harm for a preliminary injunction. *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975). Moreover, Title VII, § 1981, the FLSA, and the Texas Labor Code provide the statutory relief Plaintiff seeks such as back pay and reinstatement. Therefore, Plaintiff has not shown a substantial threat of irreparable injury. Plaintiff's request

for preliminary injunction is denied. Further, Plaintiff's request for an expedited hearing is denied as moot.

### IV.  Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Plaintiff Iamman R. Sampson's Motion for Preliminary Injunction (ECF 4) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 09, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge