United States District Court
Southern District of Texas
**ENTERED**
June 07, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IAMMAN R. SAMPSON, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:25-cv-00786 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| LYFT, INC, | § | |
| Defendant. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiff Iamman R. Sampson proceeds here *pro se*. He filed a complaint against Defendant Lyft, Inc, for wrongful termination, breach of contract, breach of implied covenant of good faith, defamation, and retaliation under the Fair Labor Standards Act. Dkt 1 at 3–4. He also filed a motion for preliminary injunction seeking to have Lyft reinstate him on its rideshare platform and bar any retaliatory actions and defamatory statements. Dkt 4 at 3.

The matter was referred to Magistrate Judge Christina Bryan. Dkt 6. On May 9, 2025, she issued a Memorandum and Recommendation recommending that the pending motion for preliminary injunction be denied. Dkt 10. Sampson filed an objection. Dkt 11.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d

1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Upon *de novo* review and to the extent discernible, the objections are found to lack merit. To the extent Sampson objects because he hasn't consented to proceed before a magistrate judge, no dispositive motion is at issue, and the recommendation is itself reviewable. See Dkt 11 at 1. To the extent he asserts that the termination of his employment presents "extraordinary circumstances" to warrant an exception to the general rule that a job loss alone doesn't constitute irreparable harm, he provides only argument without any citation of supporting law. See id at 2. Likewise, no reference to health care benefits were presented in the motion for preliminary injunction itself. Instead, he asserted only argument as to "loss of income, financial instability, and reputational damage." Dkt 4 at 3.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objection by Plaintiff Iamman R. Sampson is OVERRULED. Dkt 11.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 10.

The motion for preliminary injunction is DENIED. Dkt 4.

SO ORDERED.

Signed on June 6, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge