Case 4:25-cv-00786   Document 24   Filed on 11/20/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 21, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IAMMAN R. SAMPSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-00786 |
| | § | |
| LYFT, INC., | § | |
| *Defendant*. | § | |

# MEMORANDUM AND RECOMMENDATION

Before the Court is the issue of Plaintiff's failure to prosecute his case, which the Court takes up sua sponte.[1] Plaintiff filed his Complaint on February 18, 2025, and the District Judge referred the case on March 7, 2025. ECF 1; ECF 6. Despite the U.S. Marshalls Service executing service, Defendant has not appeared in this case. ECF 5. On October 6, 2025, the Court granted Plaintiff's Motion for Leave to File an Amended Complaint and ordered him to file it by October 13, 2025. ECF 19. Plaintiff has not filed an amended complaint, nor has he moved for entry of default or default judgment after nearly nine months. *See* Fed. R. Civ. P. 12, 55.

Federal Rule of Civil Procedure 41(b) gives the court the power to dismiss a case sua sponte for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (explaining that 41(b) allows

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 6.

for sua sponte dismissal because of a "court's inherent power to control its docket and prevent undue delays"). Failure to move for entry of default or otherwise move a case forward without court intervention constitutes failure to prosecute. *See Romero v. Cordero*, 787 F. Supp. 3d 789, 797–98 (W.D. Tex. 2025) (noting failure to prosecute where plaintiff "did nothing on his own to move his case forward for over two months" until court intervened, but the fact "Court had to move [the] case forward at nearly every junction" indicated potential "refusal to prosecute").

Here, dismissal for failure to prosecute under 41(b) is appropriate because Plaintiff has done little to move the case forward. He has not requested entry of default although Defendant has not appeared for nearly nine months. Further, after receiving permission to file an amended complaint, Plaintiff failed to do so by the required deadline. Thus, Plaintiff has failed to advance his case.

Sua sponte dismissal for failure to prosecute is permissible when the procedure is fair and the plaintiff had notice of the court's intention to dismiss and an opportunity to respond. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) ("fairness in this context requires both notice of the court's intention and an opportunity to respond" (citation omitted)); *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021). The procedure for sua sponte dismissal in this case is fair because this Memorandum and Recommendation puts Plaintiff on notice of the Court's intention and grants Plaintiff 14 days to file an objection and explain

why his case should be allowed to proceed. *See Anokwuru*, 990 F.3d at 967 (plaintiff that filed objections to magistrate judge's recommendation undoubtedly had notice and opportunity to respond before dismissal).

For the reasons stated above, the Court RECOMMENDS that Plaintiff's claims be DISMISSED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 20, 2025, at Houston, Texas.

Christina A. Bryan  
United States Magistrate Judge